UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWNIE WILSON,

      Plaintiff,

v.                                                                          Case No. 8:08-cv-153-T-24 MAP

UTOPIA HOME CARE, INC.,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Partial Summary Judgment. (Doc. No. 26). Plaintiff opposes this motion. (Doc. No. 29).

## I. Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. Id.

1

**II. Background**

This is a suit for failure to pay overtime under the Fair Labor Standards Act ("FLSA"). Defendant Utopia Home Care, Inc. employed Plaintiff Shawnie Wilson from February of 2007 through August of 2007. (Doc. No. 26-4: Fritz depo: p.6:24-25; p.7:1-15). Plaintiff worked as a Home Health Aide, and her duties were to provide personal care for aged and infirm clients in the form of bathing, dressing, toileting, and other such services. (Doc. No. 26-4: Fritz depo, p.8:9-21). The parties dispute whether Plaintiff is exempt under the FLSA, which turns on whether she devoted more than 20% of her weekly hours to performing non-companionship, general household services.[1]

Robert Fritz, Vice President of Defendant's Florida operations, contends that he consulted with the Department of Labor ("DOL") several times before Plaintiff's employment regarding the applicability of the FLSA's overtime provisions to Defendant's employees. (Doc. No. 26-4: Fritz depo, p.19-21). However, his deposition testimony is vague and somewhat contradictory on this issue.

According to Fritz, he researched the issue of the exemption for home health aides sixteen years ago. (Doc. No. 26-4: Fritz depo, p.19). Specifically, he states that he went to the DOL in Tampa and had a meeting and "asked if overtime was applicable." (Doc. No. 26-4: Fritz depo, p.19-20). He states that he was told that "there was an exemption for home health aides." (Doc. No. 26-4: Fritz depo, p.20). He does not recall who he had a meeting with at that time.

---

[1] The FLSA exempts employees who perform "companionship services" for individuals who cannot care for themselves due to age or infirmity from the Act's overtime requirements unless the employee devotes more than 20% of her weekly work hours to performing general household duties. 29 U.S.C. § 213(a)(15); 29 C.F.R. § 552.6.

2

(Doc. No. 26-4: Fritz depo, p.20-21). He also states that every couple of years he would call the DOL "to make sure nothing has changed." (Doc. No. 26-4: Fritz depo, p.21). Fritz stated in his deposition that he has the names of the people that he spoke with at the DOL written down and that he could give that information to Plaintiff, but no such information was included with Defendant's motion for summary judgment. (Doc. No. 26-4: Fritz depo, p.55).

Fritz states that he never submitted anything in writing to the DOL, and he makes contradictory statements regarding whether the DOL issued an opinion letter (although no letter has been submitted to the Court). (Doc. No. 26-4: Fritz depo, p.54, 56). Also, Fritz's testimony is not clear regarding the specifics of the alleged initial conversation with the DOL. At one point in his deposition testimony, he states that all that the DOL did was give him information in order for him to form Defendant's overtime policy. (Doc. No. 26-4: Fritz depo, p.57-58). Defendant has not submitted any documentary evidence to support Fritz's allegations regarding his contact with the DOL.

During her employment with Defendant, Plaintiff worked several weeks in excess of 40 hours a week, but Defendant did not pay her overtime. (Doc. No. 26-4: Fritz depo, p.18:20 - p.19:2). Consequently, Plaintiff brings this suit, alleging that she was an employee protected by the FLSA and that Defendant violated the Act by refusing to provide her with overtime pay.[2] (Doc. No. 1). Pursuant to the FLSA, Plaintiff seeks the amount of her overtime compensation and an additional, equal amount in liquidated damages. (Doc. No. 1).

In her complaint, Plaintiff does not allege any claims with regard to unpaid, non-overtime

---

[2] Although Defendant does not move for summary judgment on the issue, it denies the violation, arguing that Plaintiff was exempt from the FLSA's overtime provisions.

3

wages. (Doc. No. 1). However, in her Answers to Interrogatories in response to the request that she identify her damages, she asserts, "I estimate that I am owed approximately $500.00 in unpaid overtime plus an equal amount as liquidated damages. *In addition, I am owed approximately $500.00 in unpaid wages*." (Doc. No. 26-5, p.10, 16)(emphasis added). Later, in her deposition, Plaintiff mentioned that Defendant did not pay her for the time she spent traveling between her clients' homes. (Doc. No. 26-2: Wilson depo, p.18:3-23).

### III. Motion for Summary Judgment

Defendant moves for partial summary judgment, arguing: (1) Plaintiff is not entitled to liquidated damages, and (2) she has failed to state a claim for unpaid, non-overtime wages. (Doc. No. 26). Accordingly, the Court will address each argument.

#### A. Liquidated Damages

Defendant first argues that Plaintiff is not entitled to an award of liquidated damages, because it acted in good faith and had reasonable grounds for believing that it was not violating the FLSA. The FLSA provides that employers who fail to properly pay covered employees for overtime shall be liable to the employees in the amount of the unpaid overtime pay and an additional, equal amount as liquidated damages. 29 U.S.C. § 216(b). However, a court may reduce or deny an award of liquidated damages if the employer demonstrates that it acted in good faith and had reasonable grounds for believing that it was not violating the FLSA. See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1282 (11th Cir. 2008)(citations omitted).

An employer may show that it reasonably believed it was not violating the FLSA by demonstrating that it consulted with the Department of Labor and acted in accordance with its recommendations. See Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1273 (11th Cir.

4

2008). Defendant argues that it acted reasonably in denying Plaintiff overtime pay, because it contends that it consulted with DOL representatives and that the representatives advised Defendant that home health aides were exempt from the FLSA overtime provisions. Defendant classified Plaintiff as a home health aide, and therefore, Defendant contends that its decision to deny Plaintiff overtime pay was reasonably premised on DOL advice.

Plaintiff, however, disputes the fact that Defendant even consulted with the DOL. Specifically, Plaintiff points out that Defendant has offered no documentary evidence to support its contention that it in fact had such consultations. Furthermore, Fritz's vague testimony regarding the substance of his conversations with the DOL is not sufficient to establish that there is no genuine issue of material fact regarding whether Defendant had reasonable grounds for believing that it was not violating the FLSA based on Fritz's consultation with the DOL. It is not clear as to exactly what was presented to the DOL and the specific response given in return. Fritz's testimony could be construed as stating that Fritz contacted the DOL to find out if there is an exemption for home health aides (without getting into the specific duties of Defendant's Home Health Aides), the DOL said that such an exemption existed (referring to the companionship exemption of 29 U.S.C. § 213(a)(15)), and that was Fritz's entire "research" on the subject.[3] There is no indication regarding whether Fritz described the specific duties of Defendant's Home Health Aides and then asked the DOL for an opinion regarding the status of those employees based on their specific duties.

Therefore, the Court finds that there is a genuine issue of material fact regarding whether

---

[3]In fact, at one point in his deposition testimony, Fritz states that the DOL just gave him information so that he could create Defendant's overtime policy.

Defendant reasonably believed it was not violating the FLSA. As such, the Court denies the motion for summary judgment on the issue of liquidated damages.

### B. Unpaid Non-Overtime Wages

Defendant next argues that this Court should dismiss any claim for unpaid, non-overtime wages without allowing Plaintiff leave to amend her complaint to include such a claim. Defendant points out that although Plaintiff did not allege a claim for unpaid, non-overtime wages in her complaint, she has indicated that she might nevertheless assert that Defendant did not pay her for non-overtime travel hours. Specifically, Defendant points to the fact that in her Answers to Interrogatories in response to being asked to identify her damages, she asserts, "I estimate that I am owed approximately $500.00 in unpaid overtime plus an equal amount as liquidated damages. *In addition, I am owed approximately $500.00 in unpaid wages*." (Doc. No. 26-5, p.10, 16)(emphasis added). Later, in her deposition, Plaintiff mentioned that Defendant did not pay her for the time she spent traveling between her clients' homes. (Doc. No. 26-2: Wilson depo, p.18:3-23).

In response to the instant motion, Plaintiff concedes that she has not alleged any such claim for unpaid, non-overtime wages and that she does not intend to request that this Court allow her to amend her complaint to include such a claim. However, she also states:

> Plaintiff does intend to bring her unpaid wage claim in State Court. To the extent that any travel time would also be overtime, Plaintiff intends to proceed in this case with such travel time as part of her overtime claim.

(Doc. No. 29, p.4 n.3).

It appears that Plaintiff is stating that she is going to pursue an unpaid wages claim in state court regarding the time she spent traveling between her clients' homes, but that her

6

overtime claim in this case is based, in part, on that unpaid travel time. It is unclear why she would be pursing an unpaid wages claim and an overtime claim based on the same travel time in two different forums. Furthermore, it is also unclear as to whether Defendant is aware of Plaintiff's intention that her overtime claim is based, in part, on non-compensated travel time. Therefore, the Court denies the motion for summary judgment as moot regarding Plaintiff's claim for unpaid, non-overtime wages (since she concedes that she is not bringing one in this case), and Defendant is free to raise the issue of lack of notice regarding Plaintiff's intention that her overtime claim is based, in part, on non-compensated travel time at the pretrial conference if Defendant was unaware of the scope of her overtime claim.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Partial Summary Judgment (Doc. No. 26) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of March, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record