**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| SHAWNIE WILSON, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 8:08-cv-153-T-24MAP |
| UTOPIA HOME CARE, INC., | ) |
| Defendant. | ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, SHAWNIE WILSON ("Plaintiff"), and Defendant, UTOPIA HOME CARE, INC. ("Defendant"), through their undersigned counsel and pursuant to Local Rule 3.01(g), jointly move the Court to approve the settlement reached by the parties in this case and state as follows:

1. On or about January 22, 2008, Plaintiff filed the Complaint in the United States District Court for the Middle District of Florida, Tampa Division. (Dkt. No.1). Plaintiff seeks backpay, liquidated damages, prejudgment interest, and attorney's fees and costs for Defendant's alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

2. The parties have successfully come to an agreement to resolve this dispute and now seek approval of the settlement from the Court. A copy of the parties' Settlement Agreement is filed herewith.

3.	The settlement provides that Defendant will pay Plaintiff a total of Twenty-Two Thousand Dollars ($22,000.00), consisting of the following payments: (1) Five Hundred Dollars ($500.00) in allegedly unpaid overtime compensation; (2) Five Hundred Dollars ($500.00) in liquidated damages and, (3) Twenty-One Thousand Dollars ($21,000) in attorney's fees and costs.

4.	In exchange for these payments, Plaintiff agrees to release Defendant from the claims brought in the Complaint and any other claims she may have against Defendant.

5.	The parties agree this is a fair and reasonable settlement of a bona fide dispute.

## MEMORANDUM OF LAW

**A.	Standard of Review.**

Pursuant to the case law of this Circuit, judicial review and approval of this tentative settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn,*

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

  (1) the existence of fraud or collusion behind the settlement:
  (2) the complexity, expense, and likely duration of the litigation;
  (3) the stage of the proceedings and the amount of discovery completed;
  (4) the probability of plaintiff's success on the merits:
  (5) the range of possible recovery; and
  (6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007); *see also Hill v. Florida Industrial Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6, (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.,* No. 6:05-cv-1247-Orl-JGG, at *4 (M.D. Fla. Apr. 12, 2006). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3*; see also Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977).

### B.     All of the Relevant Criteria Support Final Approval of the Settlement.

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiff was represented by Konstantine Pantas, Esquire, of the Pantas Law Firm and Defendant was represented by Donald C. Works, III, Esquire and Ajda M. Nguyen, Esquire, of Jackson Lewis LLP. All counsel involved have extensive experience in litigating claims under the Fair Labor Standards Act, including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, it is clear that there was no fraud or collusion.

The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendant continue to disagree over the merits of the claim asserted by Plaintiff. Plaintiff contends Defendant did not pay her overtime compensation to which she was entitled under the FLSA. Defendant maintains that Plaintiff was paid all wages owed and is not owed overtime compensation because she is an exempt employee under the companionship services exemption. If the parties continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties exchanged information regarding Plaintiff's hours, pay, and job duties during written discovery and the depositions conducted by both parties. In agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiff's probability of success on the merits and the amount she would be awarded is also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiff asserts, and Defendant denies, she is owed overtime compensation due to Defendant's alleged violation of the FLSA. The range of possible recovery by Plaintiff is also open to dispute. Even if Plaintiff succeeds on the merits of her claims, which would require substantial additional time and exercise of resources by both parties, the amount of her recovery is uncertain.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms* at 5. Courts have held, however, that it is

unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorney's fees. *Id.* at 12. Here, both parties stipulate that the proposed fees to Plaintiff's counsel are reasonable. Therefore, both parties request that this Court find the proposed attorneys' fees reasonable.

## **CONCLUSION**

The settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal in this action.

WHEREFORE, Plaintiff, SHAWNIE WILSON, and Defendant, UTOPIA HOME CARE, INC., respectfully request that this Honorable Court enter an Order (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiff's claims under the Fair Labor Standards Act; (iii) DISMISSING this case with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 30th day of July, 2009.

Respectfully submitted,

| | |
|---|---|
| PANTAS LAW FIRM, P.A.<br>250 North Orange Avenue<br>11th Floor<br>Orlando, Florida 32801<br>Telephone:   (407) 425-5775<br>Facsimile:   (407) 425-2778 | JACKSON LEWIS LLP<br>390 North Orange Avenue, Suite 1285<br>Post Office Box 3389<br>Orlando, Florida 32802-3389<br>Telephone:   (407) 246-8440<br>Facsimile:   (407) 246-8441 |
| By:   /s/ K.E. Pantas<br>       K.E. Pantas<br>       Florida Bar No. 0978124<br>       clerk@pantaslaw.com | By:   /s/ Donald C. Works, III<br>       Donald C. Works, III<br>       Florida Bar No. 340308<br>       worksd@jacksonlewis.com |
| Attorneys for Plaintiff, SHAWNIE WILSON | Ajda M. Nguyen<br>Florida Bar No. 0022485<br>nguyena@jacksonlewis.com<br><br>Attorneys for Defendant UTOPIA HOME CARE, INC. |